**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4108**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TIRAN CHEVAR FARRIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.   (4:09-cr-00063-BO-1)

Submitted:  September 19, 2011      Decided:  September 30, 2011

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne
M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiran Chevar Farris pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced to 110 months' imprisonment. Farris, however, reserved the right to appeal the district court's denial of his motion to dismiss the felon-in-possession charge on the ground that neither of his prior North Carolina convictions was a felony inasmuch as they were not "punishable for a term of imprisonment exceeding one year." In light of our recent decision in United States v. Simmons, ___ F.3d ___, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we reverse Farris' conviction and remand for further proceedings.

This appeal turns on § 922(g)(1)'s prohibition of the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). At the time of Farris' indictment and conviction, this court determined whether a prior conviction qualified as a felony for purposes of § 922(g)(1) by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). While Farris' appeal was pending, however, Harp was overruled by the en banc decision in Simmons. See Simmons, 2011 WL 3607266, at *3. Simmons held that a prior

2

North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense.  Id. at *8; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme).  We agree with Farris that, on the record before us, he was not eligible on his North Carolina convictions to receive a sentence exceeding one year.

Because Simmons directs the conclusion that Farris was never convicted of a crime punishable by more than one year of incarceration, he cannot be convicted as a felon in possession of a firearm under § 922(g)(1).  We of course do not fault the Government or the district court for their reliance upon unambiguous circuit authority at the time of Farris' indictment and conviction.  Accordingly, we reverse Farris' conviction and remand for further proceedings.  The Clerk is directed to issue the mandate forthwith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

3